1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6

| UNITED STATES OF AMERICA, | Case No.89-cv-01705-SLM (JSC) |
|---|---|
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE RE: EX PARTE MOTION FOR WRIT OF GARNISHMENT** |
| LESLIE WALKER, | Re: Dkt. No. 11 |
| Defendant. | |

In 1989, Plaintiff the United States of America brought an action to collect a student loan debt from Defendant Leslie Walker. Default judgment was entered against Ms. Walker on January 22, 1990 in the amount of $2,208.92. (Dkt. No. 1.) Nearly 30 years later, the United States filed the now pending Ex Parte Motion for Writ of Continuing Garnishment seeking an order authorizing garnishment of Ms. Walker's earnings from the Payroll Department at LF Staffing Services, Inc. (Dkt. No. 11.) Because the Court has concerns regarding certain aspects of the application, the United States is ordered to file a supplemental memorandum and declaration in support of its application as set forth below.

**DISCUSSION**

To obtain a writ of garnishment, the United States must (1) file an application for a writ of garnishment in accordance with 28 U.S.C. § 3205(b), and (2) prepare and file with the Clerk of the Court a notice in the form proscribed in 28 U.S.C. § 3202(b). The notice must include an explanation of the judgment debtor's rights, exemptions that may apply, and the procedures applicable if the judgment debtor disputes the issuance of the writ. 28 U.S.C. § 3202(b). These procedures include the right to request a hearing before the Court within 20 days of receipt of the notice. *Id*. The Clerk shall issue the notice upon filing and the United States shall serve the notice

1 and copy of the application for a writ of garnishment on the judgment debtor and the garnishee. 28
2 U.S.C. § 3202(c).

Upon receipt of an application for a writ of garnishment, the court shall issue the writ of garnishment if it is satisfied that the United States has complied with the requirements of Section 3205(b). In particular, the application must indicate: (1) the judgment debtor's name, social security number, and last known address, (2) the nature and amount of the debt owed, and (3) that the garnishee is believed to have possession of property in which the debtor has a substantial nonexempt interest. 28 U.S.C. § 3305(b)(1). If the court grants the writ of garnishment, the United States must serve the writ on the garnishee and the judgment debtor along with (1) instructions "explaining the requirement that the garnishee submit a written answer to the writ," and (2) "instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections." 28 U.S.C. § 3205(c)(3). The garnishee is then required to answer in writing. 28 U.S.C. § 3205(c)(3). Section 3205(c)(5) allows a defendant (judgment debtor) to file a request for a hearing within twenty days after receipt of the answer by the garnishee. 28 U.S.C. § 3205(c)(5).

The Court has two concerns regarding the United States' application for a writ here. First, this is the United States' second request for a writ of garnishment in this action. Judge Kim granted a writ of garnishment on April 11, 2017. (Dkt. No. 9.) The docket reflects no further activity until near a year later when the United States filed the now pending application for a writ, which does not address the prior application and grant of writ. (Dkt. No. 11.) The only difference between the two applications is the address for the garnishee: in the original application it was to the Payroll Department, Gary D. Nelson Associates, Inc., 19080 Lomita Ave. Sonoma, California 95476 and now it is to Payroll Department at LF Staffing Services, Inc., 11426 N. Jog Road Palm Beach Gardens, FL 33418. *Compare* Dkt. No. 9 *with* Dkt. No. 11. The applicable statute, 28 U.S.C. § 3205(c)(6), provides that upon receipt of a writ of garnishment, the garnishee may either "answer the writ of garnishment or [ ] withhold property in accordance with the writ." Thus, the Court cannot simply infer from the fact that there were no intervening filings in this matter that the prior garnishee did not and is not in fact withholding payment in accordance with the writ. The

United States shall supplement its request with an explanation of what happened with the prior writ and why a second writ is sought.

Second, the application indicates that Ms. Walker was served with the writ application at her last known address of 101 Lakeview Avenue, San Francisco, California, 94112 based on an Equifax Consumer Employment & Income Report. However, an internet search reflects that this address is a business not residential address, and in fact, an address for a business called Hair Tech 101 of San Francisco. Further, an internet search of the California Board of Barbering and Cosmetology Licenses indicates that while a Leslie P. Walker had a license for Hair Tech 101 of San Francisco, that license expired February 28, 2005. *See* Department of Consumer Affairs License Search, Board of Barbering and Cosmetology, https://search.dca.ca.gov/ (last visited March 19, 2018). Federal Rule of Civil Procedure 4(e)(2) requires service to be made (a) personally; (b) "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (c) by delivering it to an authorized agent.[1] Here, however, it appears that the United States served Ms. Walker at a business rather than residential address.

Accordingly, within 14 days from the date of this Order the United States shall file a supplemental memorandum with supporting declaration regarding: (1) what happened with the prior writ and (2) what steps were taken to ascertain Ms. Walker's last known address and whether 1001 Lakeside Avenue is a business or residential address.

**IT IS SO ORDERED.**

Dated: March 27, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[1] Service may also be made in accordance with state law; under California law, service must be made personally or on an authorized agent. *See* Cal. Civ. P. Code 416.90.

3